IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KARL HAGER**                                                                         **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 5:14-CV-106-KS-MTP**

**CLAIBORNE COUNTY MEDICAL CENTER**             **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendant's Motion for Summary Judgment [30].

### I. BACKGROUND

This is a suit under the Fair Labor Standard Act ("FLSA").[1] Plaintiff, a nurse practitioner, alleges that he was an employee of Defendant from April 2013 through February 2014, that he was paid on an hourly basis, and that he worked over forty hours a week. Plaintiff claims that Defendant paid him at the regular rate for every hour worked over forty in any given work week, rather than at time and half. Plaintiff seeks unpaid overtime compensation, liquidated damages, and attorney's fees. Defendant filed a Motion for Summary Judgment [30], which the Court now addresses.

### II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is

---

[1] 29 U.S.C. §§ 201, *et seq.*

material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## A.   *Employee or Independent Contractor?*

First, Defendant argues that Plaintiff was an independent contractor, rather than an employee. "The FLSA gives *employees* certain protections from employers." *Thibault v. BellSouth Telcoms., Inc.*, 612 F.3d 843, 845 (5th Cir. 2010) (emphasis added). To determine whether an individual is an employee or independent contractor, the Court considers:

> . . . whether the alleged employee so economically depends upon the business to which he renders his services, such that the individual, as a matter of economic reality, is not in business for himself. The contractual designation of the worker as an independent contractor is not necessarily controlling. Instead, we generally use as a guide five, non-exclusive factors: (a) the permanency of the relationship; (b) the degree of economic control exercised by the alleged employer; (c) the skill and initiative

required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer. These factors are merely aids to analysis and no single factor is determinative.

*Thibault*, 612 F.3d at 845-46 (punctuation and citations omitted). Accordingly, "[t]he determination of whether an individual is an employee or independent contractor is highly dependent on the particular situation presented." *Id.* at 848.

Defendant argues that Plaintiff was an independent contractor because 1) he was paid as a 1099 non-employee, rather than as a W-2 employee; and 2) Plaintiff requested that his paychecks be written to HagerCare, LLC – Plaintiff's single-member corporate entity. These facts are relevant to the Court's determination of whether Plaintiff was an employee or independent contractor, *see id.* at 849, but they are not determinative. *Id.* at 846. Defendant presented no additional evidence related to the "economic reality" of its relationship with Plaintiff, and it failed to address any of the factors listed above. *See id.* at 845-46.[2] In the absence of such evidence, the Court must deny Defendant's motion as it pertains to this issue.

## B.   *Professional Exemption*

Next, Defendant argues that Plaintiff was subject to the "professional exemption." The FLSA's overtime compensation requirement[3] does not apply to

---

[2] The Court also notes that Plaintiff presented a variety of evidence related to the degree of control Defendant exercised over Plaintiff's work. It is not necessary for the Court to address this evidence insofar as Defendant has not met its summary judgment burden. *See* FED. R. CIV. P. 56(a).

[3] 29 U.S.C. § 207(a).

employees "employed in a bona fide executive, administrative, or professional capacity . . . as such terms are defined and delimited from time to time by the regulations of the Secretary." 29 U.S.C. § 213(a). Pursuant to this authority, the Secretary of Labor defined an "employee employed in a bona fide professional capacity" as one who performs certain duties and is "[c]ompensated on a salary or fee basis . . . ." 29 C.F.R. § 541.300(a).[4] This is the "salary-basis test." *See Belt v. Emcare, Inc.*, 444 F.3d 403, 407 (5th Cir. 2006).

However, the term "employee employed in a bona fide professional capacity" also includes "[a]ny employee who is the holder of a valid license or certificate permitting the practice of . . . medicine or any of [its] branches and is actually engaged in the practice thereof . . . ." 29 C.F.R. § 541.304(a)(1).

> [T]he exemption applies to physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialties practiced by physicians or practitioners. The term 'physicians' includes medical doctors including general practitioners and specialists, osteopathic physicians (doctors of osteopathy), podiatrists, dentists (doctors of dental medicine), and optometrists (doctors of optometry or bachelors of science in optometry).

29 C.F.R. § 541.304(b). The "salary-basis" test does not apply to those "practicing medicine" as defined above. 29 C.F.R. § 541.304(d). This is the "salary-basis exception." *Belt*, 444 F.3d at 407.

---

[4]An employee is paid on a "salary basis" if he "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). An employee is paid on a "fee basis" if he "is paid an agreed sum for a single job regardless of the time required for its completion." 29 C.F.R. § 541.605(a).

4

As it appears to be undisputed that Plaintiff was paid on an hourly basis, he does not satisfy the salary-basis test. *See* 29 U.S.C. § 541.300(a); *Belt*, 444 F.3d at 407. But if Plaintiff holds "a valid license or certificate permitting the practice of . . . medicine or any of [its] branches and . . . [was] actually engaged in the practice thereof," then he may qualify for the "salary-basis exception" and, therefore, be subject to the professional exemption. *See* 29 U.S.C. § 541.304(a), (b); *Belt*, 444 F.3d at 407. However, the Fifth Circuit has deferred to the Department of Labor's opinion that nurse practitioners *must* be paid on a salary basis to be exempt from the FLSA. *Belt*, 444 F.3d at 405, 416-17. Plaintiff was not paid on a salary basis. Therefore, he was not subject to the professional exemption.

### C.   *Standing*

Finally, Defendant argues that Plaintiff does not have standing to assert an FLSA claim insofar as he was not its employee. Rather, Defendant contends that HagerCare, LLC was its employee because paychecks were remitted to it, rather than to Plaintiff. Plaintiff cited no applicable federal case law or statute in support of this argument.

In the Court's opinion, this argument presents the same issue as Plaintiff's first argument: whether Plaintiff was Defendant's employee. To determine whether Plaintiff was Defendant's employee, the Court applies the economic reality test. *See Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014); *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir. 2012). Defendant's remittance of payment to Plaintiff's single-member LLC is but one factor to consider in the analysis. *See Thibault*, 612 F.3d at 849

(in holding that plaintiff was not employee under FLSA, the court noted that payments were made to his company, among many other factors). Therefore, the Court rejects this argument for the same reasons provided above.

### III. CONCLUSION

For the reasons provided above, the Court **denies** Defendant's Motion for Summary Judgment [30].

SO ORDERED AND ADJUDGED, on this, the 15th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE